UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUAVIUS WINSTON,

        Plaintiff,

v.

KINGDOM, et. al.,

        Defendants,

_____/

Civil Action No. 4:26-CV-11193
Honorable F. Kay Behm
United States District Judge

**OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL
RIGHTS COMPLAINT AND REFERRING THE REMAINDER OF
THE CASE TO THE PRISONER MEDIATION PROGRAM**

## I.   Introduction

Before the Court is Plaintiff Jaquavius Winston's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART**.  The remainder of the case shall be referred to the Court's Prisoner Mediation Program.

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore*, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the

2

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III.  Complaint

On September 1, 2025, Plaintiff was housed at the Duane Waters Healthcare Clinic in Jackson, Michigan, a prison hospital, suffering from partial paralysis. Because of his condition, Plaintiff was unable to walk to the bathroom. Plaintiff informed Defendant Kingdom, a prison guard, and Defendant Number 2, a prison nurse whom he cannot identify, that he was in urgent need of a urinal jug in order to relieve himself. Despite asking for a urinal jug, one was not provided to him for several hours and as a result, Plaintiff urinated on himself and his bed. Plaintiff claimed that he informed the two defendants of the accident, but was forced to lay in his urine soaked clothes and bedding for seven hours. Plaintiff's condition was not addressed until the next shift came in and he was provided clean clothing and bedding.

Plaintiff claims that the defendants were deliberately indifferent to Plaintiff's medical needs because they were aware of the risks of leaving an inmate to lay in

his own urine for several hours.  Plaintiff filed a grievance against the defendants, but the grievance was denied at all three levels.

Plaintiff sues Kingdom and the unnamed nurse as well as Defendant Washington, the director of the Michigan Department of Corrections, and Defendant Chrisman, the warden at the Duane Waters Healthcare Clinic.  Plaintiff seeks monetary and injunctive relief.

### IV. Discussion

**A. The suit must be dismissed against Defendants Washington and Chrisman.**

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, and Defendant Chrisman, the warden at the Duane Waters Healthcare Clinic, because Plaintiff failed to allege any personal involvement on the part of either defendant with the alleged unconstitutional deprivation.

A supervisory official like Washington or Chrisman cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002) (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)).  A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the

4

unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F.3d at 558 (citing to *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of Plaintiff's constitutional rights. *See Sarr v. Martin,* 53 F. App'x 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* Moreover, Washington's failure to take action upon Plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F.3d at 558.

Warden Chrisman is likewise not liable under § 1983 in his supervisory capacity for the alleged violation of plaintiff's rights, because Plaintiff failed to alleged that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

**B. The case will continue against the remaining defendants.**

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth

5

Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F.2d 1450, 1454-1455 (6th Cir. 1993).

The defendants' act of failing to timely provide a urinal jug to Plaintiff and having him lie in his urine for several hours "constitutes a denial of life's necessities, [subjected Plaintiff] to a significant risk of pain and damage to the bladder (as well as humiliation), and therefore could rise to the level of an Eighth Amendment violation." *Berkshire v. Dahl*, 928 F.3d 520, 538 (6th Cir. 2019). The Court directs that the remainder of the complaint be referred to Prisoner Mediation Program. *Clement v. Macomb Corr. Facility*, No. 2:22-CV-10853, 2022 WL 2292720, at *1 (E.D. Mich. June 24, 2022).

## V. ORDER

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS WASHINGTON AND CHRISMAN. THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**


Date: April 17, 2026                                 s/F. Kay Behm
                                                      F. Kay Behm
                                                      United States District Judge